### HOFFSTOT v. HELM et al.

#### Civil Action No. 6899.

United States District Court
W. D. Pennsylvania.

Feb. 26, 1948.

Baker & Watts, of Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for defendants.

GIBSON, Chief Judge.

The National Bank of America at Pittsburgh was in the control of a Conservator and a reorganization was necessary. This was accomplished by depositors and creditors reducing their claims by 50 per centum and by the addition of cash. The new bank did not desire to include in its assets certain non-liquid assets of its predecessor, and the old bank thereupon transferred such assets to trustees to liquidate them. By the trust agreement the new bank was given the right, within a period of six months, to susbstitute any of the loans or discounts taken over by it for an equal amount of the trusteed loans or discounts.

The trust agreement was dated the 26th day of September, 1934, and since that date the trustees have proceeded with the liquidation. All creditors and depositors have been paid, and only stockholders of the old bank are now interested in the trust.

The plaintiff, a stockholder, has prayed the court for an order requiring an account or accounts to be filed by the present trustees and the legal representatives of two of the original trustees who are deceased. Answer to the complaint has been filed on behalf of all defendants, in which it is denied that the court has jurisdiction; and it is also asserted that an account is being prepared and will soon be filed in the place designated by the agreement (the main office of the Bank).

I am of opinion that the court has jurisdiction, as the trust agreement was a step in closing up the affairs of a national bank. Section 1348 of the Judicial Code, 28 U.S.C.A.

The method adopted in the liquidation of the slow assets was similar to that laid down by the Act of June 30, 1876, Title 12, Section 197, U.S.C.A., by which a liquidator elected by the shareholders ad-

4

ministers the assets remaining after the receiver, appointed by the Comptroller, has paid off all creditors. The Act of June 30, 1876, and its amendments, requires the liquidator to file his (or its) account in the District Court, while the transfer of the trustee assets by the old Bank to the trustees requires the account to be filed "at the main office of the Bank for the inspection of all parties directly affected by the terms of this instrument."

Despite the provision in the trust agreement that the account be filed "at the main office of the Bank," the court is of opinion that it, or an account, should be filed in this court. By the trust agreement the "Bank" is specifically referred to as The National Bank of America at Pittsburgh (the old bank) and its successor is specifically termed the "New Bank." The old bank has no main office even though it still has a ghost-like existence. If due notice is given all doubts as to the place of accounting will be resolved.

Pursuant to the petition therefor, an accounting will be ordered in this court.

Since reputable counsel has expressed the intention of filing an account in the very near future, in order that a final return may be made, the time for filing will be fixed as June 30, 1948.